IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN M. WONNUM, | § | |
| | § | |
| Defendant Below, | § | No. 271, 2022 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 30206697DI (N) |
| | § | |
| Appellee. | § | |
| | § | |

Submitted: October 31, 2022
Decided: January 19, 2023

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, Jonathan M. Wonnum, appeals from the Superior Court's denial of his third motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Wonnum's opening brief that the appeal is without merit. We agree and affirm.

(2)     In 1993, following an earlier jury trial that ended in a hung jury on a murder charge and a determination of guilt on a weapon charge, Wonnum pleaded guilty to non-capital first-degree murder. In exchange for the guilty plea, the State

agreed to set aside the verdict on the weapon conviction. After pleading guilty but before sentencing, Wonnum sent a letter to the Superior Court seeking to withdraw his guilty plea. In the letter, Wonnum stated that he had "made the wrong decision" when he pleaded guilty.[1] He requested new counsel, "stating that his trial counsel 'did not perform up to his satisfaction' and 'forced' him into pleading guilty."[2] The Superior Court "considered Wonnum's letter as a motion to withdraw a guilty plea."[3] "In deciding the motion, the Superior Court reviewed the transcript of the guilty plea proceeding, held an office conference with counsel, and reviewed the guilty plea form executed by Wonnum."[4] The court determined that the motion to withdraw the plea "amount[ed] merely to a change of mind" and denied the motion on the basis that the plea was knowing and voluntary and that Wonnum had failed to establish any breach of performance by his trial counsel."[5] On September 15, 1993, the court sentenced Wonnum to life in prison, and Wonnum did not appeal.[6]

(3) In August 1996, Wonnum filed a motion for postconviction relief in which he claimed, among other things, that the plea colloquy was defective and that

---

[1] *Wonnum v. State*, 1997 WL 588855, at *1 (Del. Sept. 16, 1997).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.* (alteration in original).
[6] *Id.*

his counsel was ineffective. The Superior Court denied the motion, and this Court affirmed.[7]

(4) In 2013, Wonnum filed his second motion for postconviction relief. He again asserted that his counsel had provided ineffective assistance and that he was "tricked" into pleading guilty.[8] He also claimed that "the absence of counsel during his first motion [for postconviction relief] establishes its own ineffective assistance claim."[9] The Superior Court denied the motion,[10] and this Court affirmed.[11]

(5) On February 22, 2022, Wonnum filed his third motion for postconviction relief. He again asserted that his counsel had provided ineffective assistance of counsel in connection with his guilty plea. More specifically, Wonnum argued that he was "ill advised" to plead guilty to first-degree murder, subjecting him to a sentence of life in prison without parole, when he could have proceeded to trial and received the same sentence if found guilty. The Superior Court summarily dismissed the motion as procedurally barred. Wonnum has appealed to this Court.

(6) This Court reviews the Superior Court's denial of a motion for postconviction relief for abuse of discretion.[12] We review legal or constitutional

---

[7] *Id.* at *1-2.
[8] *State v. Wonnum*, 2014 WL 3058464, at *1 (Del. Super. Ct. July 3, 2014).
[9] *Id.*
[10] *Id.*
[11] *Wonnum v. State*, 2015 WL 3456633 (Del. May 28, 2015).
[12] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

questions *de novo*.[13] The Court considers the procedural requirements of Rule 61 before addressing any substantive issues.[14]

(7) Superior Court Criminal Rule 61(d)(2) provides that a "second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either that (i) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."[15] Wonnum asserts that his motion is not subject to summary dismissal because this Court's decision in *Reed v. State*[16] created a new, retroactive rule of constitutional law that renders his conviction invalid. In *Reed*, the defendant sought to withdraw his guilty plea prior to sentencing, "but his counsel refused to file a motion to do so, apparently under the belief that no grounds justifying a plea withdrawal were present, and the Superior Court refused to consider his *pro se* motion because he was represented by

---

[13] *Id.*

[14] *Bradley v. State*, 135 A.3d 748, 756-57 (Del. 2016).

[15] Del. Super. Ct. Crim. R. 61(d)(2); *see also id.* R. 61(i)(1)-(5) (barring untimely motions, successive motions, and motions that assert grounds for relief that are procedurally defaulted or formerly adjudicated, unless they satisfy the pleading requirements of Rule 61(d)(2)(i) or (ii)).

[16] 258 A.3d 807 (Del. 2021).

4

counsel."[17] The Court held that "a criminal defendant's control of the objectives of the representation prior to sentencing requires that counsel either obey an instruction to file a motion to withdraw a guilty plea, or seek leave to withdraw so that the defendant can file the motion with other counsel or *pro se*."[18]

(8)     We affirm the Superior Court's summary dismissal of Wonnum's successive motion for postconviction relief.   Wonnum cannot satisfy Rule 61(d)(2)(ii) because he was not "convicted after a trial"[19]—rather, he pleaded guilty.[20] Wonnum's other arguments either were not presented to the Superior Court in the first instance or also fail to overcome Rule 61's procedural bars.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[17] *Id.* at 812.

[18] *Id.* at 813.

[19] DEL. SUPER. CT. CRIM. R. 61(d)(2).

[20] *See Grayson v. State*, 2022 WL 16630776, at *1 (Del. Nov. 1, 2022) ("[T]he appellant cannot avail himself of Superior Court Criminal Rule 61(d)(2)(ii) because he waived his right to a jury trial and chose to plead guilty."); *Cadiz v. State*, 2022 WL 3366253, at *1 (Del. Aug. 15, 2022) (stating that the appellant "cannot avail himself of Superior Court Criminal Rule 61(d)(2) because he waived his right to a jury trial and chose to plead guilty").